**UNION & LEAGUE OF ROMANIAN SOCIETIES OF AMERICA, INC., et, Appellees, v. COTOFAN et, Appellants.**

**UNITED ROMANIAN SOCIETY CARPATINA, Appellant, v. UNION & LEAGUE OF ROMANIAN SOCIETIES OF AMERICA, INC. et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23211. Decided August 17, 1954.

Richard H. Woods, Cleveland, S. S. Fekett, George Dobrea and Joseph J. Craciun, Warren, for appellees.

Lockwood Thompson, Cleveland, and John R. Vintilla, Cleveland, for appellants.

DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District sitting by designation in the Eighth Appellate District.

## OPINION

By STEVENS, J:

This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Cuyahoga County, in favor of The Union & League of Romanian Societies of America, Inc., et al.

The two cases above captioned were consolidated below, and are here presented as one appeal.

The first action captioned above seeks an accounting and restitution of the funds and property of United Romanian Society Carpatina, alleged to be in the possession of appellants, and that such appellants be restrained from holding themselves out, or acting, as duly constituted officers of the Society; that the duly elected officers of the Society be declared to be such, and allowed to have possession of the Society premises for the purpose of holding the Society's regular annual election.

The second above captioned action seeks the reinstatement of the excluded and passive officers of the Society to full membership in the Union, and a declaratory judgment as to the validity of the loyalty affidavit hereinafter mentioned.

Appellee Union & League of Romanian Societies of America, Inc., is a fraternal benefit association, chartered under the laws of Ohio as also is its subordinate society, United Romanian Society Carpatina.

At the Union Convention held at Youngstown, Ohio, in September, 1948, a resolution authorizing the use of a loyalty affidavit was unanimously approved and adopted—which, translated, is substantially as follows:

"The officers of the Union & League and officers of the societies which compose the Union & League shall be obligated to sign a declaration through which they state that they are not Communists; that they do not belong to any subversive organization which works against the Constitution and Laws of the United States of America."

It was then by unanimous vote resolved that the Union & League should print the forms of the declaration.

Article VII of the 1939 bylaws of the Union & League R. S. A., Inc., provided:

"Section 3. The regular convention shall be the legislative and governing body of the U. & L. R. S. A., Inc., and is vested with full power and authority to make, alter, repeal or amend the Constitution, Bylaws, and all laws, rules and regulations for the government, management, discipline and control of the Organization, or of any member society. When in session it shall possess jurisdiction over all member societies and shall have power to enforce the laws, rules and regulations enacted by the said convention or any regulation or order made by the Executive Committee; it shall decide upon and punish by penalty, fine, passivity or expulsion, those found guilty of violating the constitution, bylaws or insurance laws; and it shall have the power to do and perform any and all other acts and things by it deemed essential to the welfare and perpetuity of the Organization. When the convention is not in session said supreme authority shall be vested in and exercised by the Executive Committee except where otherwise provided in this Constitution and Bylaws."

Article VI provided:

"Section 1. The Executive Committee shall consist of the President, First Vice-President, Second Vice-President, Secretary, two Auditors and

seven Trustees, elected by the regular convention. The Executive Committee is the forum which supervises the affairs and the regular proceedings of the organization from one term to another of the regular conventions."

"Section 3. The Executive Committee shall have the following duties: * * *.

"(d) Receive and consider all the appeals and claims of the members and of the member societies and resolve them in conformity with the provisions specified in the constitution and bylaws."

Article IV provided:

"Section 6. The active members of the member societies who fulfill all the requirements of the constitution and bylaws, shall have the right to be elected to any office of the member society or to the central organization, excepting where the constitution and bylaws otherwise provide.

"The following are not eligible to be elected to office:

"(a) Those sentenced to prison for major crimes.

"(b) Those who are found guilty of moral turpitude, and who have caused the member societies or the central organization any moral and material losses.

"(c) Those under indictment or accusation by any forum of the Member Societies or of the Central Organization."

We are not here concerned with the form of the loyalty affidavit prior to the modification of 1951, nor are the first three sections of the 1951 affidavit, prepared and promulgated by the executive committee, under attack; it is the last three paragraphs of the 1951 affidavit which give rise to controversy under consideration. Those sections follow:

"4. I have not been sentenced to prison for a crime nor have I been found guilty of moral turpitude nor have I caused the member societies or the central organization any moral and material loss.

"5. I have not ever been found guilty of mishandling or misappropriating public funds of any social, fraternal or religious organization.

"6. I am not now a suspended or passive (inactive) member of the Union and League of Romanian Societies of America."

The officers of the Society Carpatina did not sign the new affidavit but instead executed the old form of affidavit, and sent it to the Union & League R. S. A. The Union in turn, by letter advised Carpatina that it could not approve the local officers of Carpatina, and requested Carpatina to send one or two delegates to a meeting of the executive committee of the Union to be held on March 8, 1952.

As a result of that executive committee meeting, the executive committee refused to approve the officers of Carpatina who had been elected in December, 1951, and suspended Carpatina until the national convention to be held at Lorain, Ohio, in September, 1952.

At the national convention in Lorain, the convention set up a grievance committee, to which was submitted charges, drawn up by the national president of the Union against the twenty-five officers of the Society Carpatina, involving their failure and refusal to sign the amended loyalty affidavit.

In the absence of the officers of Carpatina, who, because of their society's suspension, were permitted no voice in the convention the grievance committee recommended suspension or expulsion of all of them. The national convention approved the recommendation of the grievance committee,

318

and placed "in passivity" twenty-four officers of Carpatina, and expelled one.

That is the order which gives rise to both of these actions.

We hold, under the provisions of the constitution and bylaws of the Union above set forth, as follows:

1. That the executive committee had ample authority to prepare, promulgate, and require to be signed, the loyalty affidavit of 1951.

2. That the failure of the officers of Carpatina to sign and forward the affidavit in question, as required, justified the suspension imposed on Carpatina by the executive committee.

3. That the action of the convention in creating, and submitting to a grievance committee, the charges preferred against the officers of Carpatina, was entirely within the constitutional authority of the convention.

4. That because of the suspension of Carpatina, its officers were not permitted to participate in the convention at Lorain, which was as provided in the constitution and bylaws of the Union.

5. That the action of the convention in placing twenty-four of said officers "in passivity" and expelling one, was within the constitutional authority of the convention, and the punishment within the limits fixed by the constitution.

As a result of the foregoing conclusions, we hold that plaintiff, Union & League, etc., is entitled to the relief which it seeks; that United Society Carpatina and its officers are not entitled to the relief which they seek, and that their petition should be dismissed.

A decree may be prepared carrying into effect the foregoing orders. Appellants shall pay the costs of these proceedings.

DOYLE, PJ, and HUNSICKER, J, concur.